IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 17 2006
U.S. COURT OF FEDERAL CLAIMS

LAWRENCE R. MCCANN and CECIL MCCANN §
Plaintiffs, §
v. §
UNITED STATES OF AMERICA §
Defendant. §

CIVIL NO. 06-216 T

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Lawrence R. McCann and Cecil McCann ("Plaintiffs" or the "McCanns") are citizens of the United States of America whose address is 12554 45th N.E., Seattle, WA, 98125.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1985)

5. Lawrence R. McCann and Cecil McCann filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-4106 and XXX-XX-5048, respectively.

6. For 1985, Lawrence R. McCann was a limited partner in Emperor Seedless-85 ("ES85"), a California limited partnership.

7. ES85 timely filed its 1985 Form 1065, partnership tax return.

8. The IRS assessed tax liability for 1985 against the McCanns based upon a settlement in which they agreed only to certain adjustments to partnership items related to ES85.

9. On September 2, 2002, the IRS assessed tax of $11,932.00 and interest and penalty interest of $51,430.31 against the McCanns for 1985.

10. The IRS applied a cash bond of $62,000.00 made May 9, 2002 by the McCanns to the 1985 assessments. The remaining balance was paid by transfer of a credit from tax year 1986.

11. On August 26, 2004, the McCanns filed with the IRS a claim for refund in the amount of $11,932.00 for tax and $51,430.31 for interest and penalty interest for 1985.

12. On March 17, 2004, the IRS disallowed that claim.

13. As grounds for recovery, the McCanns restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The demand and/or claim for refund relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Emperor Seedless-85 partnership for 1985. The alleged assessment of tax and interest was made after the statute of limitations for assessment had already expired. Any amount assessed and collected after the statute of limitations

has expired constitutes an overpayment pursuant to §6401. However, the assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations has expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 9102 U.S.T.C. ¶50,384 (1991), *aff'd* 995 F.2d 205 (Fed.Cir. 1993).

C. This claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd, McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was "attributable" to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest takes into account the doctrine in *Avon Products v.* Commissioner, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) Interest should be abated for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS improperly invaded the general partner's office, served criminal subpoenas on the general partners individually, and improperly seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute

and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization, and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(ii) Interest should be abated for the period beginning with a date 45 days after the finality of the Tax Court decision and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

I. The settlement agreement entered into was a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement reflected in the Tax Court decision and any attempt to do so by the IRS can only be construed to be frivolous and abusive.

J. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by the taxpayers in an offer in compromise that was wrongfully denied by the IRS based on its improperly restrictive regulations under §7122 regarding effective tax administration offers in compromise.

14. Over six (6) months have elapsed since the McCanns filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

15. The McCanns are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1986)

16. Lawrence R. McCann and Cecil McCann filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-4106 and XXX-XX-5048, respectively.

17. For 1986, Lawrence R. McCann was a limited partner in Agri-CAl Venture Associates ("ACVA"), a California limited partnership.

18. ES85 timely filed its 1986 Form 1065, partnership tax return.

19. The IRS assessed tax liability for 1986 against the McCanns based upon a settlement in which they agreed only to certain adjustments to partnership items related to ACVA.

20. On September 2, 2002, the IRS assessed tax of $11,575.00 and interest and penalty interest of $38,235.16 against the McCanns for 1986.

21. The IRS applied a cash bond of $58,000.00 made May 9, 2002 by the McCanns to the 1986 assessments. A portion of the remainder of the cash bond was transferred to other tax years and the balance was refunded to the McCanns.

22. On August 26, 2004, the McCanns filed with the IRS a claim for refund in the amount of $24,895.83 for interest and penalty interest for 1986.

23. On March 17, 2004, the IRS disallowed that claim.

24. As grounds for recovery, the McCanns restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. This claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

B. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

C. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury

Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

D. Alternatively, even if the doctrine under *Todd, McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was "attributable" to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

E. The recomputation of interest takes into account the doctrine in *Avon Products* v. Commissioner, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

F. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) Interest should be abated for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS improperly invaded the general partner's office, served criminal subpoenas on the general partners individually, and improperly seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be

longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization, and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(ii) Interest should be abated for the period beginning with a date 45 days after the finality of the Tax Court decision and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

G. The settlement agreement entered into was a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to §6404, therefore, this claim ***cannot*** be precluded by the terms of the settlement reflected in the Tax Court decision and any attempt to do so by the IRS can only be construed to be frivolous and abusive.

H. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by the taxpayers in an offer in compromise that was wrongfully denied by the

IRS based on its improperly restrictive regulations under §7122 regarding effective tax administration offers in compromise.

25. Over six (6) months have elapsed since the McCanns filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

26. The McCanns are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Lawrence R. McCann and Cecil McCann pray for judgment against the Defendant the United States of America in the amount of $88,258.14, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)